UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VICTORIA WAGGONER and ROBERT
WAGGONER,

    Plaintiffs,

v.                                    CASE NO. 3:09-cv-10367-J-32JBT

R.J. REYNOLDS TOBACCO COMPANY,
individually and as successor by merger
to Brown and Williamson Corporation and
The American Tobacco Company, and
PHILIP MORRIS USA, INC.,

    Defendants.
                                        /

## **ORDER**

**THIS CAUSE** is before the Court on Defendants' Motion to Compel the Deposition of Plaintiff ("Motion") (Doc. 37) and Plaintiff's Memorandum of Law in Opposition thereto ("Opposition") (Doc. 39). For the reasons stated herein, the Motion is due to be **GRANTED**.

In the Motion, Defendants seek an order compelling the deposition of Plaintiff Victoria Waggoner ("Mrs. Waggoner" or "Plaintiff") on July 19, 2011, without any limitations on the scope or length of the deposition other than those set forth in the Federal Rules of Civil Procedure. (Doc. 37.) Defendants state that Mrs. Waggoner refuses to make herself available until August 19, 2011 without limitations, other than those set forth in the Federal Rules of Civil Procedure, on the length and scope of the deposition. (*Id.*) Plaintiff asserts that because she was previously deposed for

five and a half hours on May 7, 1998, her second deposition should "be limited to new topics not previously covered, and . . . her total deposition time [should] not exceed the 7 hours set forth in the Federal Rules of Civil Procedure." (Doc. 39 at 2.)

It is undisputed that Mrs. Waggoner was deposed by defendants R.J. Reynolds Tobacco Company ("Reynolds") and Winn-Dixie Stores on May 7, 1998 in regards to a state court action commenced against these defendants by Mrs. Waggoner in 1997, which she voluntarily dismissed in 1999. It is also undisputed that Defendant Philip Morris USA, Inc. ("PM") was not a party to that action. Based on these undisputed facts, the Court believes that this action is different enough and remote in time enough from the state court case that Rule 30(a)(2)(A)(ii), which Plaintiff cites, does not apply because Mrs. Waggoner has not been deposed in this case. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii) ("A party must obtain leave of court . . . if the parties have not stipulated to the deposition and . . . the deponent has already been deposed *in the case* . . . .") (emphasis added).

Plaintiff argues that this action is "the same litigation with a different case number" because it "arises from the same claims" and "the issues in the case today are narrower than they were when Mrs. Waggoner was first deposed because of the application of the *Engle* jury's findings." (Doc. 39 at 9.) The Court recognizes the unique procedural posture of this case but notes that even if this case is considered

the "same case," it has gone through a transformation from state[1] to federal court, a lapse in time of ten years, and a substitution of a defendant.  Thus, the Court finds that the circumstances in this case do not justify the limitations on the scope and length of the deposition sought by Plaintiff.

Although "a deposition is limited to 1 day of 7 hours" (unless otherwise stipulated or ordered by the court), Fed. R. Civ. P. 30(d)(1), it would be plainly unreasonable to limit Defendants' upcoming deposition of Plaintiff to an hour and a half considering the length of time since the prior deposition, the corresponding need to update Plaintiff's testimony, and the absence of Defendant PM as a party to the state court action.  See Fed. R. Civ. P. 30(d)(1) ("The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.").  Further, based on these same considerations, it would not be appropriate to limit the scope of the upcoming deposition because the discovery sought is not "unreasonably cumulative or duplicative."[2]  Fed. R. Civ. P. 26(b)(2)(C)(i).

---

[1] In state court, there was no limitation on the time for taking a deposition.  See Fla. R. Civ. P. 1.310(b)(3) ("For cause shown the court may enlarge or shorten the time for taking the deposition.").

[2] The Court finds the cases cited by Plaintiff distinguishable.  See, e.g., Arugu v. City of Plantation, 2010 U.S. Dist. LEXIS 76034, *5-12 (S.D. Fla. June 27, 2010) (denying a motion to re-depose where the witness was deposed to completion in the same case, while the case was pending in state court the year before, and finding that the plaintiff's "choice (or even his neglect) not to ask questions he could have asked" at the first deposition did not constitute good cause to allow a second deposition).

Therefore, based on the foregoing reasoning, the Court will allow the deposition to proceed and will not impose any restrictions other than those already imposed by the Federal Rules of Civil Procedure. However, Defendants are reminded of their obligation to refrain from conducting the deposition "in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3). Finally, to the extent the Motion seeks to compel the deposition of Plaintiff on July 19, 2011, the Court finds that the Motion is moot in light of the parties' agreement "to postpone a previously scheduled deposition in another active federal Tobacco case in July, and to substitute Mrs. Waggoner's deposition on that date." (Doc. 39 at 5 n.3.)

Accordingly, it is **ORDERED**:

The Motion (**Doc. 37**) is **GRANTED** to the extent the deposition of Mrs. Waggoner may proceed without any restrictions other than those already imposed by the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida, on July 7, 2011.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record

Any Unrepresented Party